# JacksonLewis

Jackson Lewis P.C.
666 Third Avenue
New York NY 10017-4030
(212) 545-4000 Direct
(212) 972-3213 Fax

MY DIRECT DIAL IS: (212) 545-4045
MY EMAIL ADDRESS IS: Adam.Gross@jacksonlewis.com

June 28, 2022

**VIA ECF**
Honorable Judge John G. Koeltl
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*[Handwritten note:]* A pre-motion conference will be held on Thursday, July 7, 2022, at 10:00AM. Dial-in: (888) 363-4749. Access code: 8140049. SO ORDERED. 6/29/22 /s/ John G. Koeltl USDJ

Re:    Nina King v. White House Black Market, Inc.
       22-cv-03385

Dear Judge Koeltl:

We represent the Defendant in the above-referenced matter and write pursuant to Rule I (F) of your Individual Rules to request a pre-motion conference prior to the filing of a motion to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges she was employed as a "manual worker" and was required to be paid weekly under New York Labor Law §191 (NYLL), instead of bi-weekly. She brings this one-count Complaint on behalf of herself and a purported class. According to Plaintiff, because she was paid bi-weekly, instead of weekly, one week of pay in every pay period was paid "late," and thus Defendant owes her and the purported class one full week of wages as "liquidated damages" for *every pay period* during the six-year statute of limitation even though she was already *paid* all the wages she was due. She does not allege that White House Black Market failed to pay wages or paid less than what was agreed. Instead, she claims she, and the purported class, are entitled to one-half the wages *already* paid. Recently, these cases have flooded the New York federal courts. Here's why: under Plaintiff's theory, a single employee earning $600 per week who was paid bi-weekly instead of weekly would be owed a whopping $93,600 (one-half of all wages paid during the six-year statute of limitations, assuming a 40-hour workweek). For a small business with only 25 employees, the penalty would be a business-ending $2,340,000. For larger employers, the damages are irrational. An employer with 5,000 New York employees, for example, would owe $468,500,000. The Legislature never intended choosing the wrong payroll frequency to be a business-ending decision.

The Complaint should be dismissed because: (1) there is no private right of action for errors in the frequency in which payroll is processed; (2) even if a private right of action could be brought, the weekly payment law only applies to a "manual worker" (defined as "mechanic, workingman or laborer") and the Complaint fails to plausibly allege facts showing Plaintiff—an employee at a White House Black Market retail store—is a mechanic, workingman or laborer; (3) Plaintiff lacks standing under Article III; and (4) the class claim should be stricken because it depends on an impermissible "fail-safe" class.

**JacksonLewis**

Hon. John G. Koeltl
June 28, 2022
Page 2

### I. No Private Right of Action Exists for Errors Relating to Payroll Frequency

The floodgates for these claims opened after the First Department decided *Vega v. CM & Assoc. Constr. Mgt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019). In a terse seven-paragraph opinion, the court in *Vega* recognized a private right of action for violations of NYLL §191 for the first time since the law was enacted in 1890, ignoring the many previous courts that had held no private right of action exists. Since then, several federal courts have simply deferred to *Vega* without any independent analysis.[1] But, *Vega* was wrong. There is overwhelming reason to believe the Court of Appeals would not follow *Vega*, nor is this Court bound to follow it.

First, *Vega* is no longer good law following the Court of Appeals decision in *Konkur v. Utica Academy of Science Charter Sch.*,[2] decided after *Vega*. *Vega* created an implied right of action. But in *Konkur*, the Court of Appeals held no private right of action can be implied for a violation of NYLL Article 6 provisions because when the Legislature intended to permit a private right of action in Article 6, it did so expressly. NYLL §191 is an Article 6 provision. Thus, *Vega's* creation of an implied private right of action is in direct conflict with the *Konkur* holding.

Second, *Vega* did not consider the NYLL's enforcement scheme or the structure of the Labor Law. NYLL §218 (not cited by *Vega*) classifies violations of Article 6 into two different categories with two different remedy provisions: wage claims, subject to private lawsuits for liquidated damages under NYLL §198 (the remedy Plaintiff seeks here), and non-wage claims (subject to public enforcement, not private, through penalties of $1,000-$3,000). The DOL has always classified a payroll frequency error as a non-wage claim. *See, e.g., Ribble (d/b/a Perfecto Cleaners)*, PR NO. 06-038, 039 (Indus. Bd. of Appeals, Dec. 19, 2007) (classifying a frequency of pay violation as a non-wage violation subject to a penalty of $1,000 under NYLL §218, not a wage claim). *Vega* also did not review—and neither party cited—the vast statutory and legislative histories of NYLL §§191 and 198 which show that no private right of action was intended.

In short, *Vega* is not on solid footing, and therefore neither are the cases that have simply deferred to it. This Court should reject *Vega* and follow the many state and federal cases finding no private right of action exists.[3] We note the issue has not been addressed by the Second Circuit or the Court of Appeals, but it is fully briefed and pending at the Appellate Division (Second Department), and there is also a motion for interlocutory appeal to the Second Circuit pending in *Mabe v. Walmart*, Case No. 20-00591, Dkt. Nos. 40-41 (N.D.N.Y. Apr. 4, 2022).

### II. The Complaint Does Not Plausibly Allege Plaintiff Was Employed as a "Mechanic, Workingman or Laborer"

Even if Plaintiff could bring a private right of action, the Complaint should be dismissed because NYLL §191 only requires weekly pay for "manual workers," defined as a "mechanic, workingman or laborer." NYLL §§190(4); 191(1)(a). It is a narrow group of employees. There are no facts alleged in the Complaint that Plaintiff—a store manager at a White House Black Market

---

[1] *See, e.g., Rodrigue v. Lowe's Home Ctrs., LLC*, 2021 U.S Dist. LEXIS 162849, * 14 (E.D.N.Y. Aug. 27, 2021); *Carrera v. DT Hospitality Grp.*, 2021 U.S. Dist. LEXIS 210894, * 27-29 (S.D.N.Y. Nov. 1, 2021).
[2] 38 NY3d 38 (2022), *reh'g den.*, 2022 N.Y. LEXIS 903 (Apr. 28, 2022).
[3] *See, e.g., Hunter v. Planned Bldg. Servs., Inc.*, 2018 N.Y. Misc. LEXIS 2896, at *4 (Sup. Ct. Queens Cty. June 11, 2018); *Arciello v. Cty of Nassau*, 2019 U.S. Dist. LEXIS 161167 (E.D.N.Y. 2019).

**JacksonLewis**

store—was employed as a mechanic, workingman or laborer. The Complaint does not even identify Plaintiff's title. It contains only a *single sentence* setting forth the alleged factual matter supporting the claim for relief: "At least 25% of Plaintiff's job responsibilities at Chico's included manual labor, including tasks such as lifting and unloading product shipments, stocking inventory, assembling floor sets, tending the cash register, mopping, sweeping and dusting floors, and cleaning bathrooms." Compl. ¶ 11. The first part of the sentence is merely a legal conclusion, insufficient to state a claim. *See Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013) ("we are not required to credit conclusory allegations or legal conclusions couched as factual allegations"). That leaves the last half of the sentence (where Plaintiff identifies tasks she performed) to carry the load of setting forth factual matter that plausibly alleges a claim for relief. But the sentence cannot bear the weight necessary. None of the tasks Plaintiff identifies plausibly allege that she was a "mechanic, workingman or laborer."

In *Hudson Valley Mall Dental*, (Indus. Bd. of App. PR 12-034) (Aug. 7, 2014), the New York Industrial Board of Appeals (hereinafter "IBA"), which is responsible for reviewing appeals from orders issued by the NYSDOL (and is binding on the NYSDOL), explained that a laborer "may dig a ditch," is employed to move "boxes of material from a truck to a rack," or is a "construction worker" who is employed to move material from one area to another. In *Plus Discount Foods,* for example, the IBA held that employees engaged in retail work such as "operating the cash register," "stocking and rotating stock," "pricing and repricing merchandise," "setting up displays," "cutting and baling cartons," "handing returned and unpurchased items," and "collecting and return[ing] shopping carts from the parking lot" were not manual workers. *Plus Discount Foods* (Indus. Bd. of App. PR-12-80) (June 3, 1981). The facts set forth in the Complaint identify far less physical exertion, and even accepted as true, do not plausibly allege Plaintiff was a manual worker. Thus, the Complaint should be dismissed.

### III.   The Complaint Should Be Dismissed Because Plaintiff Lacks Standing

The Complaint should also be dismissed because it fails to adequately allege that Plaintiff has suffered an "injury-in-fact," required to establish standing under Article III. *See Maddox v. Bank of New York Mellon Trust Co.*, 19 F.4th 58, 62(2d Cir. 2021). Instead, Plaintiff alleges only that she "was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that were rightfully hers." Compl. ¶ 11. These boilerplate, generic allegations are insufficient to establish a concrete harm. As the Eastern District recently held in another case involving standing under NYLL § 191, a plaintiff must allege a *particularized* harm related to the lost time value of money. *See Rosario v. Icon Burger Acquisition LLC*, 2022 U.S. Dist. LEXIS 11454, at *3, 8-9 (E.D.N.Y. Jan. 21, 2022). She has not.

### IV.   The Class Allegations Should Be Stricken Because It Is A "Fail-Safe" Class

Finally, Plaintiff's class claim should also be stricken because her proposed class—"all persons who worked as manual workers in their employment for Defendant [...]" (Compl. ¶ 12)– is an impermissible fail-safe class. *Garcia v. Execu/Search Grp., LLC*, 2019 U.S. Dist. LEXIS 26291, at *4 (S.D.N.Y. Feb. 19, 2019). A fail-safe class is one whose definition "shields the putative class members from receiving an adverse judgment," because "either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment." *Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) (citation omitted). Plaintiff's purported class of "manual workers" is the epitome of a fail-safe.

# JacksonLewis

Hon. John G. Koeltl
June 28, 2022
Page 4

We thank the Court for its attention to this matter.

Very truly yours,

JACKSON LEWIS P.C.

/s/ *Adam Gross*

ADAM GROSS

4863-8169-5526, v. 1