UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINA KING and BRIANNA ALVAREZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WHITE HOUSE BLACK MARKET, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. 1:22-cv-03385-JGK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.　This is a class action on behalf of all of White House Black Market, Inc.'s ("Defendant" or "Chico's"), employees in the State of New York that engage in manual work in the course of their employment.

2.　New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner.  *See* New York Labor Law ("NYLL"), Article 6, §191.

3.　Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4.　The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance."  *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5.　Defendant has violated this law by paying its manual workers every other week rather than on a weekly basis.

6. Plaintiffs therefore demand liquidated damages, interest, and attorneys' fees on behalf of themselves and a putative class comprised of all manual workers employed by Defendant in New York State over the last six years.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant business in New York. Defendant owns and operates a chain of retail clothing stores within New York.

8. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

10. Defendant White House Black Market, Inc. is a Florida corporation with a principal place of business in Fort Myers, Florida. Defendant owns and operates a chain of boutique retail clothing stores[1] and employs hundreds of manual workers in the State of New

---

[1] These stores include but are not limited to: Chico's, Chico's Off The Rack, White House Black Market, and SOMA.

York.

11.     Plaintiff Nina King is a citizen of New Jersey who resides in Garfield, New Jersey.  From approximately September 2012 to August 2016, Plaintiff was employed by Defendant as a Sales Associate at a Chico's store located at 136 Fifth Avenue, New York, New York.  At least 25% of Plaintiff's job responsibilities at Chico's included manual labor, including tasks such as lifting and unloading product shipments, stocking inventory, assembling floor sets, tending the cash register, mopping, sweeping, and dusting floors, and cleaning bathrooms.  Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant.  Thus, for half of each biweekly pay period, Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that were rightfully hers.  Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

12.     Plaintiff Brianna Alvarez is a citizen of New York who resides in Uniondale, New York.  Plaintiff was employed by Defendant as a Cashier from approximately 2016 to 2018 and as a Sales Lead from approximately 2018 to 2019 at a White House Black Market store located in Garden City, New York.  At least 25% of Plaintiff's job responsibilities at White House Black Market included manual labor, including tasks such as lifting and unpacking inventory, stocking shelves, assembling floor sets, and tending the cash register.  Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant.  Thus, for half of each biweekly pay period, Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that were rightfully hers.  Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

## CLASS ACTION ALLEGATIONS

13.     Pursuant to Fed. R. Civ. P. 23, Plaintiffs seek to represent a class defined as all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees (the "Class").  Members of the Class include, but are not limited to persons employed by Defendant in the following capacities:  Cashiers, Support Associates, Sales Associates, Sales Leads, Assistant Store Managers, and other hourly-paid employees who perform similar physical tasks.  Excluded from the class are salaried, executive employees, and those responsible for hiring and/or firing employees that are also paid in excess of nine hundred dollars a week.

14.     Class members were required to spend more than 25% of their time engaged in physical labor in their employment with Defendant.

15.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

16.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Defendant was required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

17.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs worked as a manual workers for Defendant during the class period but were not provided with compensation for their work on a weekly basis.

18. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

19. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

### New York Labor Law – Failure to Pay Timely Wages

20. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

21. The timely payment of wages provisions, NYLL § 191, and its supporting regulations apply to Defendant and protect Plaintiffs and the Class.

22.   Defendant failed to pay Plaintiffs and the Class on a timely basis as required by NYLL § 191(1)(a).

23.   Due to Defendant's violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

b.   For an order declaring Defendant's conduct violates the law referenced herein;

c.   For an order finding in favor of Plaintiffs and the Class on the count asserted herein;

d.   For liquidated damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded; and

f.   For an order awarding Plaintiffs and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated:  July 15, 2022					Respectfully Submitted,

**BURSOR & FISHER, P.A**

By:  _/s/ Yitzchak Kopel_

6

                Yitzchak Kopel

                Yitzchak Kopel
                Alec M. Leslie
                888 Seventh Avenue
                New York, NY  10019
                Telephone: (646) 837-7150
                Facsimile: (212) 989-9163
                Email:  ykopel@bursor.com
                     aleslie@bursor.com

*Counsel for Plaintiffs*